■ In the Matter of the Claim of JOHN GRIFFITHS, Respondent, against ROBERT H. SHAFFREY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from so much of a decision of the Workmen's Compensation Board as denied an application by appellants to reclassify the claimant from a permanent total disability status to that of permanent partial disability. For a long time claimant had been confined to St. Lawrence State Hospital for a mental illness which was causally related to an industrial accident. On or about July 1, 1956 he was released from the hospital on probation and went to live on a farm with his cousin, and the record shows that he did considerable farm work. It is appellants' contention that claimant's room and board constitute wages and thus changes his status to that of partial disability, and that appellants are entitled to credit for the value of such room and board. It is true that under normal circumstances, or at least under some circumstances, room and board of an employee furnished by the employer must be considered wages. However, a normal situation is not present here. Subdivision 3 of section 87 of the Mental Hygiene Law provides for the granting of convalescent status to patients who remain mentally ill but are not considered dangerous. The care of a patient in such status may be entrusted to relatives or other persons. The status may be revoked by the director at any time. Claimant has not been discharged and is still a mentally ill person and is under the direct supervision of the hospital. The alleged employer, claimant's cousin, has a statutory duty to provide board and room to claimant. Subdivision 3 of section 87 of the Mental Hygiene Law provides: "The hospital granting a convalescent status to a patient shall not be liable for his expenses during the period of such convalescent status. Such liability shall devolve upon the relative * * * to whose care the patient is entrusted while on such convalescent status". Claimant receives nothing in addition to his room and board. Under the special circumstances in this case the board was not compelled to find that an employer-employee relationship existed, or that the room and board were in return for work. The record really establishes the opposite, i.e., that the cousin of the claimant agreed to accept him on a convalescent basis and furnish room and board pursuant to statute. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.